IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:01CR3085 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CESAR GONZALEZ, a/k/a | ) | |
| CEASAR GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, a federal prisoner, has filed an "Emergency Motion to Correct the Sentence Imposed Not the Basis For the Sentence Pursuant to Rule 35 Federal Rules of Criminal Procedures." (Filing 162.) Construing the motion in filing 162 as a Fed. R. Crim. P. 35 motion to correct or reduce a sentence, I will deny the motion. Rule 35(a) provides that a sentence "that resulted from arithmetical, technical, or other clear error" may be corrected within 7 days after sentencing. The motion raises arguments under United States v. Booker, 125 S. Ct. 738 (2005), and does not assert that there were "clear errors" within the meaning of Fed. R. Crim. P. 35(a). In addition, Defendant was sentenced on April 12, 2002 (filing 116) and the 7-day period expired more than 3 years ago. Rule 35(b) is inapplicable, as it provides for reduction of a sentence upon a motion by the government.

Alternatively, if the motion in filing 162 is intended as a motion under 28 U.S.C. § 2255, I will subject the motion to initial review as required by the rules[1] and

---

[1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

> The judge who receives the motion must properly examine it. If it plainly appears from the motion, any attached exhibits, and the record

will deny it. To the extent filing 162 is intended as a § 2255 motion, I find that it is properly characterized as "successive," within the meaning of 28 U.S.C. §§ 2255 and 2244(b).[2] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed procedural requirements on federal prisoners, like the defendant, who wish to file "second or successive" motions to vacate their sentences. The AEDPA amended 28 U.S.C. § 2244(b) to preclude the filing of any subsequent habeas corpus petition absent certification by a panel of the appropriate court of appeals for the circuit in which the district court is located, authorizing the district court to consider the successive motion or application. Also, 28 U.S.C. § 2255 provides that a second or successive section 2255 motion may not be filed without prior appellate court approval in the manner provided in 28 U.S.C. § 2244.

    28 U.S.C. § 2244(b) states:

(1) A claim presented in a second or successive habeas under section 2254 that was presented in a prior application shall be dismissed.

---

of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

(effective December 1, 2004).

[2]Defendant previously filed a motion to vacate conviction, which I treated as a motion under 28 U.S.C. § 2255 and denied on initial review (filing 152). He then filed an "Emergency Motion for the Issuance of Certificate of Appealability or Correct the Sentence" (filing 154). I treated that motion as a notice of appeal and request for a certificate of appealability, denied the motion as untimely, and denied the certificate of appealability (filing 155). Thus, to the extent filing 162 is intended as a § 2255 motion, it is clearly "successive."

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;  or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;  and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)  (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

> (B)  A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C)  The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D)  The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

>   (E)  The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4)  A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

Similarly, 28 U.S.C. § 2255 states, in pertinent part:

>   A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense;  or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Filing 162 has not been certified by the United States Court of Appeals for the Eighth Circuit as required by 28 U.S.C. § 2255 and therefore will be denied.

Accordingly,

IT IS ORDERED:

1. Construing filing 162 as a motion for relief under Fed. R. Crim. P. 35, the motion is denied with prejudice;

2. Alternatively, construing filing 162 as a § 2255 petition, it is denied as it has not been certified by the United States Court of Appeals for the

> Eighth Circuit as required by 28 U.S.C. §2255;

3. Judgment shall be entered by separate document; and

4. The Clerk of the United States District Court for the District of Nebraska shall provide a copy of this memorandum and order, and accompanying judgment, to the Clerk of the United States Court of Appeals for the Eighth Circuit.

July 27, 2005.            BY THE COURT:

                                       *s/Richard G. Kopf*
                                       United States District Judge