IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:01CR3085 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| CESAR GONZALEZ, a/k/a | ) | |
| CEASAR GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

    Defendant, a federal prisoner, has filed a notice of appeal of an adverse decision on filing 162, his "Emergency Motion to Correct the Sentence Imposed Not the Basis For the Sentence Pursuant to Rule 35 Federal Rules of Criminal Procedures." Construing the motion in filing 162 as a Fed. R. Crim. P. 35 motion to correct or reduce a sentence, I denied the motion in a July 27, 2005 order (filing 163). Alternatively, I construed the motion in filing 162 as a motion under 28 U.S.C. § 2255, subjected the motion to initial review as required by the rules and denied it because it was "successive" within the meaning of 28 U.S.C. §§ 2255 and 2244(b) and had not been certified by the United States Court of Appeals for the Eighth Circuit. Today, I find that Defendant's appeal of the adverse ruling on the motion in filing 162 may not be taken in forma pauperis ("IFP"), as it is not taken in good faith, and will deny a certificate of appealability.

    Defendant has been permitted to proceed IFP with regard to a prior 2255 motion (see filing 152) and was determined to be financially unable to obtain an adequate defense in his underlying criminal case. A party meeting these criteria may not appeal IFP if the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." Fed. R. App. P. 24(a)(3). A

prisoner's appeal may not be taken IFP if it is not taken in good faith. 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.") In Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000), the Seventh Circuit held that "good faith" for purposes of 28 U.S.C. § 1915 is the "common legal meaning of the term, in which to sue in bad faith means merely to sue on the basis of a frivolous claim, which is to say a claim that no reasonable person could suppose to have any merit." Id. An appeal is frivolous, and therefore cannot be taken in good faith, "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). For the reasons stated in filing 163, I find that the appeal in this case is not taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3). As the appeal is not taken in good faith, I find that Defendant is not entitled to proceed IFP on appeal.

Defendant may file a motion pursuant to Fed. R. App. P. 24(a)(5) with the Court of Appeals to request leave to proceed IFP on appeal. Such motion in the Court of Appeals must be accompanied by a copy of the affidavit filed in the district court, or by a new affidavit if none was previously filed, and by a copy of the statement of reasons given by the district court for denial of IFP status on appeal. Fed. R. App. P. 24(a)(5).

To the extent that Defendant is appealing the denial of a 2255 motion, I must issue a certificate of appealability or state the reasons for denying that certificate. A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has rejected a constitutional claim on the merits in the course of denying a § 2255 petition, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" in order to meet the standard contained in § 2253(c). Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000). In contrast, when a district court denies a § 2255 petition on procedural grounds without reaching the applicant's

2

underlying constitutional claims on the merits, a certificate of appealability should issue under § 2253(c) when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

The court must either issue a certificate of appealability indicating which issues satisfy the required showing, or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). To the extent the motion in filing 162 was considered a 2255 motion, it was denied on initial review as a successive petition. For the reasons stated in filing 163, Defendant has not made a substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

Accordingly,

IT IS ORDERED:

1. Leave to appeal IFP is denied, without prejudice to the submission of a new motion directly to the Court of Appeals;

2. Pursuant to Fed. R. App. P. 24(a)(4), the Clerk of Court shall send a copy of this memorandum and order to the parties and the Court of Appeals for the Eighth Circuit as notice that Defendant has been denied IFP status on appeal, and that his appeal has been determined not to be in good faith.

3. Pursuant to Fed. R. App. P. 24(a)(5), Defendant has 30 days after service of this Memorandum and Order to file a motion with the Court of Appeals for leave to proceed IFP on appeal; and

4. A certificate of appealability is denied and shall not issue.

August 23, 2005. BY THE COURT:

*s/Richard G. Kopf*
United States District Judge